UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:06CR00068 SNL |
| MARIO DARNELL SMITH, | ) ) ) |
| Defendant. | ) |

## ORDER ON PRELIMINARY SUPERVISED RELEASE REVOCATION HEARING AND DETENTION

Defendant Mario Darnell Smith came before the undersigned on a warrant for his arrest issued on July 17, 2007, on Order of the Honorable Stephen N. Limbaugh, United States District Judge. The Order was issued on the petition of a United States Probation Officer and alleged that Defendant violated the conditions of supervised release. Defendant is serving a three year term of supervised release that began on December 18, 2006.

The petition alleges that Defendant violated the following conditions of release:

(1) the general condition that Defendant not commit another federal, state, or local crime. This condition was alleged to have been violated based on Defendant's arrest by Collinsville, Illinois police for unauthorized possession of a debit card, and possession of ammunition by a felon. Defendant has since been charged with Receiving Credit Card of Another, which charge is pending. In addition, there is a charge of Harassment pending against Defendant in Joplin, Missouri, for which a citation was issued on May 22, 2007,

pursuant to a complaint from the victim alleging that Defendant made repeated harassing telephone calls.

(2) the condition that Defendant not leave the judicial district without the permission of the court or probation officer, based on the fact that Defendant did not have permission to be in Collinsville, Illinois on June 18, 2007.

(3) the condition that Defendant notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, based on the fact that Defendant did not notify his probation officer within 72 hours of his arrest on June 18, 2007.

(4) the condition that Defendant participate in a domestic violence counseling program, based on the fact that Defendant was to begin weekly classes the week of February 12, 2007, but did not begin until May 16, 2007.

Defendant was arrested on October 15, 2007, and had his initial appearance before the undersigned that same day. A preliminary supervised release revocation hearing and a detention hearing were scheduled before the undersigned United States Magistrate Judge on October 16, 2007.

Defendant was present at the hearing on October 16, 2007, and was represented by his attorney, Assistant Federal Public Defender Michael Dwyer. The government was represented by Assistant United States Attorney David Rosen. At the hearing, the government presented the testimony of United States Probation Officer James A. Ruzicka, who provided testimony with respect to each of the violations alleged in the petition.

Based upon the evidence adduced at the preliminary examination, the Court finds probable cause to believe Defendant violated each of the conditions of supervision set forth in the petition, and therefore, pursuant to Rule 32.1(a)(1), Federal Rules of Criminal Procedure, Defendant will be held to appear for a final supervised release revocation hearing.

With regard to detention, the Court received the Pretrial Services Report (PSR) dated October 15, 2007. The parties had no objection to the report, except Defendant explained that the reason why his website has information pertaining to another person is because the website is still in formation, and the information pertaining to the other person presently listed on the site is from the template that came with the web program. Accordingly, the Court adopts and incorporates the PSR as amended.

Pursuant to Rules 46(d) and 32.1(a)(6), Federal Rules of Criminal Procedure, and 18 U.S.C. §3143(a), the burden is on Defendant to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. Absent such a showing, Defendant must be detained. As set forth above, there is probable cause to believe that while on supervised release Defendant violated several conditions of his supervised release, the most serious being that there is probable cause to believe that Defendant committed violations of state law while on release. Based upon the foregoing, and for the reasons set forth in the Pretrial Services Report, the undersigned finds that Defendant has not met his burden to demonstrate that he is not a flight risk or a danger to the community. To the contrary, the Court finds that there is no condition or combination of conditions that would reasonably assure the safety of the

community, and the undersigned therefore orders that Defendant be detained pending a final supervised release revocation hearing.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to appear for a final supervised release revocation hearing on **Tuesday, October 23, 2007, at 10:00 a.m.**, before the Honorable Stephen N. Limbaugh.

**IT IS FURTHER ORDERED** that Defendant shall remain in the custody of the United States Marshal pending the final revocation hearing in this matter.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel, and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 17th day of October, 2007.